UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AUSENCIO GONZALEZ TOVAR,<br><br>Defendant. | Case No. 1:13-cr-00115-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is Ausencio Tovar's Motion for Reconsideration. (Dkt. 264.) The Court will deny the Motion.

# BACKGROUND

In 2013, Tovar pled guilty to possession with the intent to distribute methamphetamine and was sentenced to 188 months in prison. (Dkts. 70, 177.) His sentence was later reduced to 168 months. (Dkt. 220.) Based on information from two confidential sources, investigators learned that Tovar and a co-conspirator were transporting methamphetamine from California to Idaho to sell in the Boise area. (Dkt. 172 at 4.) Investigators stopped Tovar's vehicle while returning to Idaho from California. Approximately five pounds of methamphetamine were

found in the vehicle's compartment, along with hydrocodone, large amounts of cash, and a handgun. (*Id*. at 5.)

Tovar has served 100 months of his sentence. (Dkt. 261-1 at 3.) He is currently held at the Giles W. Dalby Correctional Center in Post, Texas with an expected release date of March 7, 2025. *See* https://www.bop.gov/inmateloc/ (last accessed October 7, 2021).

Tovar is 56 years old and suffers from various health conditions, including prediabetes, hypertension, and hyperlipidemia, which put him at greater risk of severe complications from COVID-19. Tovar contracted COVID-19 on February 12, 2021 and has recovered. (Dkt. 261-3 at 48.) Furthermore, Tovar has been vaccinated for COVID-19 since April 8, 2021. (*Id*. at 2.)

In April 2021, Tovar filed a motion for compassionate release. (Dkt. 256.) The Government opposed the motion in a response filed August 13, 2021. (Dkt. 261.) On August 20, 2021, the Court denied Tovar's motion. (Dkt. 262.) A week later, the Court received Tovar's reply in support of his motion (Dkt. 263) and on September 3, 2021, Tovar filed his motion for reconsideration (Dkt. 264).

## LEGAL STANDARD

Motions for reconsideration are requests for an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."

MEMORANDUM DECISION AND ORDER - 2

*Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The high bar that movants must overcome to prevail on a motion for reconsideration reflects the courts' "concerns for preserving dwindling resources and promoting judicial efficiency." *Costello v. United States Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). As a result, the moving party must demonstrate that reconsideration is warranted based on one of four limited grounds: (1) to correct manifest errors of law or fact; (2) to consider newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to consider an intervening change in the law. *See Turner v. Burlington North. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

A motion for reconsideration is not intended to provide litigants with a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Thus, the "motion may not be used to raise arguments or present evidence for the first time [that] could reasonably have been raised earlier in the litigation," *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000), nor is it an opportunity to reargue the moving parties' positions. *See Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (finding no abuse of discretion where the district court denied a motion to reconsider the judgment based on the same arguments made in the original motion).

**MEMORANDUM DECISION AND ORDER - 3**

# ANALYSIS

Tovar seeks reconsideration on the ground that his reply in support of his motion for compassionate release (Dkt. 263) was not considered by the Court prior to the Court's denial of that motion. Tovar also provides additional information in his motion for reconsideration (Dkt. 264).

The Court has reviewed both the additional information provided in the reply and in the motion for reconsideration and finds that this information is insufficient to warrant reconsideration. In his reply and his motion for reconsideration, Tovar reiterates information provided by the Government in its response and by Tovar in his initial motion for compassionate release. Tovar also provides additional information, such as information regarding the COVID-19 variants and the effectiveness of the Johnson & Johnson vaccine, which Tovar received; the conditions at his current location of imprisonment; and examples of other inmates released because they were infected with COVID-19 or because of the uncertainty of the variants and risk of serious illness even to those who have been vaccinated.

The Court does not find that the additional information sufficient to support reconsideration. However, even if the Court were to grant reconsideration, the Court would find the § 3553(a) factors do not warrant a reduction of Tovar's

**MEMORANDUM DECISION AND ORDER - 4**

sentence. Tovar has served approximately 98 months of his sentence. Tovar transported significant amounts of methamphetamine to the community and was found in possession of a firearm. Tovar received a sentence reduction, and the Court finds that the § 3553(a) factors do not warrant a further reduction. Further, the Court has considered Tovar's medical and personal history, and the other information provided by Tovar, and finds that they do not significantly alter the § 3553(a) analysis.

## ORDER

**IT IS ORDERED** that Ausencio Tovar's Motion for Reconsideration (Dkt. 263) is DENIED.

DATED: November 4, 2021

_____
B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 5**